IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *DAVID BUEHRLE,* | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:10-cv-509 |
| *CITY OF O'FALLON, MISSOURI, A Municipal Corporation,* | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant City of O'Fallon, Missouri (hereinafter "the City"), by and through its undersigned attorneys, Sandberg, Phoenix & von Gontard P.C., and for its answer to Plaintiff's First Amended Petition (hereinafter "Complaint"), states as follows:

### COUNT I

1. The City admits the allegations contained in Paragraph 1 to Count I of Plaintiff's Complaint.

2. The City admits the allegations contained in Paragraph 2 to Count I of Plaintiff's Complaint.

3. The City denies the allegations contained in Paragraph 3 to Count I of Plaintiff's Complaint.

4. The City admits the allegations contained in Paragraph 4 to Count I of Plaintiff's Complaint.

5. The City admits the allegations contained in Paragraph 5 to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges he injured his Achilles tendon in the course of his employment as a police officer with the City of O'Fallon.  The City is without sufficient

2416119\1

knowledge and information to admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6. The City admits the allegations contained in Paragraph 6 to Count I of Plaintiff's Complaint.

7. The City admits the allegations contained in Paragraph 7 to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges he underwent a surgery on his right elbow. The City is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 7 to Count I of Plaintiff's Complaint and therefore denies same.

8. The City admits the allegations contained in Paragraph 8 to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges he informed the City about his injury to his Achilles tendon and surgery on his elbow. The City denies all remaining allegations contained in Paragraph 8 to Count I of Plaintiff's Complaint.

9. The City admits the allegations contained in Paragraph 9 to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges that the City reported Plaintiff's injury of his Achilles tendon. The City denies the remaining allegations contained in Paragraph 9 to Count I of Plaintiff's Complaint.

10. The City denies the allegations contained in Paragraph 10 to Count I of Plaintiff's Complaint.

11. The City admits the allegations in Paragraph 11 solely to the extent Plaintiff alleges he filed a worker's compensation claim. The City is without sufficient knowledge or information to admit or deny all remaining allegations contained in Paragraph 11 to Count I of Plaintiff's Complaint and accordingly denies same.

12. The City denies the allegations contained in Paragraph 12 to Count I of Plaintiff's Complaint.

13. The City denies the allegations contained in Paragraph 13 to Count I of Plaintiff's Complaint.

13(a). The City admits the allegation in Paragraph 13(a) to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges that his light duty for his non-work related elbow surgery was terminated. The City denies the remaining allegations contained in Paragraph 13(a) to Count I of Plaintiff's Complaint.

13(b). The City admits the allegations in Paragraph 13(b) solely to the extent Plaintiff alleges that the City did not promote Plaintiff to Sergeant. The City denies all remaining allegations in Paragraph 13(b) to Count I of Plaintiff's Complaint.

13(c). The City admits the allegations contained in Paragraph 13(c) solely to the extent Plaintiff alleges that the City did not promote Plaintiff to Detective. The City denies all remaining allegations in Paragraph 13(c) to Count I of Plaintiff's Complaint.

13(d). The City is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13(d) to Count I of Plaintiff's Complaint and, therefore, denies same.

13(e). The City is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13(e) to Count I of Plaintiff's Complaint and, therefore, denies same.

13(f). The City admits the allegations contained in Paragraph 13(f) to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges he was assigned to his second choice of

shift and that such assignment occurred after he returned to work.  The City denies any remaining allegations contained in Paragraph 13(f) to Count I of Plaintiff's Complaint.

14. The City admits the allegation in Paragraph 14 to Count I of Plaintiff's Complaint solely to the extent Plaintiff alleges that the City did not discriminate against other employees. The City denies all remaining allegations contained in Paragraph 14 to Count I of Plaintiff's Complaint.

15. The City denies the allegations contained in Paragraph 15 to Count I of Plaintiff's Complaint.

16. The City denies the allegations contained in Paragraph 16 to Count I of Plaintiff's Complaint.

17. The City denies the allegations contained in Paragraph 17 to Count I of Plaintiff's Complaint.

18. The City denies the allegations contained in Paragraph 18 to Count I of Plaintiff's Complaint.

19. The City denies the allegations contained in Paragraph 19 to Count I of Plaintiff's Complaint.

20. The City denies the allegations contained in Paragraph 20 to Count I of Plaintiff's Complaint.

21. The City denies the allegations contained in Paragraph 21 to Count I of Plaintiff's Complaint.

## COUNT II

22. The City incorporates by reference its answers to Paragraphs 1 through 4 to Count I of Plaintiff's Complaint as if fully set forth herein in answer to Paragraph 1 to Count II of Plaintiff's Complaint.

23. The City admits the allegations contained in Paragraph 2 to Count II of Plaintiff's Complaint.

24. The City denies the allegations contained in Paragraph 3 to Count II of Plaintiff's Complaint.

24(a.). The City admits the allegations contained in Paragraph 3(a) to Count II of Plaintiff's Complaint solely to the extent Plaintiff alleges that the City did not promote Plaintiff to Sergeant. The City denies all remaining allegations in Paragraph 3(a) to Count II of Plaintiff's Complaint.

24(b). The City admits the allegations contained in Paragraph 3(b) to Count II of Plaintiff's Complaint solely to the extent Plaintiff alleges that the City did not promote Plaintiff to Detective. The City denies all remaining allegations in Paragraph 3(b) to Count II of Plaintiff's Complaint.

24(c). The City is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3(c) to Count II of Plaintiff's Complaint and, therefore, denies same.

24(d). The City admits the allegations contained in Paragraph 3(d) to Count II of Plaintiff's Complaint solely to the extent Plaintiff alleges that the City was the subject of an investigation. The City denies all remaining allegations contained in Paragraph 3(d) to Count II of Plaintiff's Complaint.

24(e).   The City admits the allegation in Paragraph 3(e) to Count II of Plaintiff's Complaint solely to the extent Plaintiff alleges that his light duty for his non-work related elbow surgery was terminated.  The City denies all remaining allegations contained in Paragraph 3(e) to Count II of Plaintiff's Complaint.

25.   The City denies the allegations contained in Paragraph 4 to Count II of Plaintiff's Complaint.

26.   The City denies the allegations contained in Paragraph 5 to Count II of Plaintiff's Complaint.

27.   The City denies the allegations contained in Paragraph 6 to Count II of Plaintiff's Complaint.

28.   The City denies the allegations contained in Paragraph 7 to Count II of Plaintiff's Complaint.

29.   The City denies the allegations contained in Paragraph 8 to Count II of Plaintiff's Complaint.

30.   The City denies the allegations contained in Paragraph 9 to Count II of Plaintiff's Complaint.

## COUNT III

31.   The City incorporates by reference its answers to Paragraphs 1 through 4 to Count I of Plaintiff's Complaint as if fully set forth herein in answer to Paragraph 1 to Count III of Plaintiff's Complaint.

32.   The City admits the allegations contained in Paragraph 2 to Count III of Plaintiff's Complaint.

32(a). The City admits the allegations contained in Paragraph 2(a) to Count III of Plaintiff's Complaint.

32(b). The City denies the allegations contained in Paragraph 2(b) to Count III of Plaintiff's Complaint.

32(c). The City admits the allegations contained in Paragraph 2(c) to Count III solely to the extent Plaintiff alleges that he received a Distinguish Service Award from the U.S. Attorney's office. The City is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 2(c) of Count III of Plaintiff's Complaint and therefore, denies same.

32(d). The City admits the allegations contained in Paragraph 2(d) to Count III of Plaintiff's Complaint.

33. The City admits the allegations contained in Paragraph 3 to Count III of Plaintiff's Complaint.

34. The City admits the allegations contained in Paragraph 4 to Count III of Plaintiff's Complaint.

35. The City admits the allegations contained in Paragraph 5 to Count III of Plaintiff's Complaint solely to the extent Plaintiff alleges he was the highest ranked candidate on the promotion list and was not promoted to Sergeant. The City denies all remaining allegations contained in Paragraph 5 to Count III of Plaintiff's Complaint.

36. The City admits the allegations contained in Paragraph 6 to Count III of Plaintiff's Complaint.

37. The City denies the allegations contained in Paragraph 7 to Count III of Plaintiff's Complaint.

38. The City denies the allegations contained in Paragraph 8 to Count III of Plaintiff's Complaint.

39. The City admits the allegations contained in Paragraph 9 to Count III of Plaintiff's Complaint solely to the extent Plaintiff alleges that he was not chosen for promotion on June 11, 2009 and was still ranked number one on the promotional list. The City denies all remaining allegations contained in Paragraph 9 to Count III of Plaintiff's Complaint.

40. The City denies the allegations contained in Paragraph 10 to Count III of Plaintiff's Complaint.

41. The City denies the allegations contained in Paragraph 11 to Count III of Plaintiff's Complaint.

42. The City denies the allegations contained in Paragraph 12 to Count III of Plaintiff's Complaint.

43. The City denies the allegations contained in Paragraph 13 to Count III of Plaintiff's Complaint.

44. The City denies the allegations contained in Paragraph 14 to Count III of Plaintiff's Complaint.

45. The City admits the allegations contained in Paragraph 15 to Count III of Plaintiff's Complaint solely to the extent Plaintiff alleges that venue is appropriate in this court. The City denies that any discriminatory incidents occurred and further denies all remaining allegations contained in Paragraph 15 to Count III of Plaintiff's Complaint.

## COUNT IV

46. The City incorporates by reference its answers to Paragraphs 1 through 4 to Count I of Plaintiff's Complaint as if fully set forth herein in answer to Paragraph 1 to Count IV of Plaintiff's Complaint..

47. The City incorporates its answers to Paragraphs 2 through 9 to Count III of Plaintiff's Complaint as if fully set forth herein in answer to Paragraph 2 to Count IV of Plaintiff's Complaint.

48. The City denies the allegations contained in Paragraph 3 to Count IV of Plaintiff's Complaint.

49. The City denies the allegations contained in Paragraph 4 to Count IV of Plaintiff's Complaint.

50. The City denies the allegations contained in Paragraph 5 to Count IV of Plaintiff's Complaint.

51. The City denies the allegations contained in Paragraph 6 to Count IV of Plaintiff's Complaint.

52. The City admits the allegations contained in Paragraph 7 to Count IV of Plaintiff's Complaint solely to the extent Plaintiff alleges that venue is appropriate in this court. The City denies that any discriminatory incidents occurred and further denies all remaining allegations contained in Paragraph 7 to Count IV of Plaintiff's Complaint.

53. Further answering, the City denies each and every allegation contained in Plaintiff's Complaint, either in singular or plural, that has not been expressly and explicitly admitted herein to be true.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### THIRD DEFENSE

Each employment decision concerning Plaintiff was based on legitimate, non-discriminatory and/or non-retaliatory reasons unrelated to Plaintiff's worker's compensation claim and the City would have made the same employment decisions regardless of Plaintiff's claim for worker's compensation.

### FOURTH DEFENSE

Each employment decision concerning Plaintiff was based on legitimate, non-discriminatory and/or non-retaliatory reasons unrelated to Plaintiff's age and the City would have made the same employment decisions regardless of whether Plaintiff was under forty years of age.

### FIFTH DEFENSE

Each employment decision concerning Plaintiff was based on legitimate, non-discriminatory and/or non-retaliatory reasons unrelated to Plaintiff's alleged exercise of any free speech and the City would have made the same employment decisions regardless of Plaintiff's alleged exercise of free speech.

### SIXTH DEFENSE

All or part of Plaintiff's Complaint may be untimely and therefore barred by the applicable statute of limitations.

## SEVENTH DEFENSE

All or part of Plaintiff's Complaint is barred because Plaintiff has failed to exhaust his administrative remedies.

## EIGHTH DEFENSE

All or part of Plaintiff's Complaint may be barred by the equitable defenses of laches, waiver and/or estoppel.

## NINTH DEFENSE

All or part of Plaintiff's Complaint is barred by reason of the doctrine of sovereign immunity.

## TENTH DEFENSE

Plaintiff has neither alleged nor established sufficient facts to constitutionally permit or entitle Plaintiff to recover punitive or exemplary damages.

## ELEVENTH DEFENSE

Plaintiff's prayer for attorneys' fees, reinstatement, front pay, pre-judgment interest and other equitable remedies are not triable to a jury.

## TWELTH DEFENSE

Plaintiff is not entitled to relief inasmuch as any damages allegedly suffered or experienced by Plaintiff were due, either in whole or in part, to Plaintiff's own contributory or comparative negligence.

## THIRTEENTH DEFENSE

To the extent Plaintiff seeks recovery of punitive damages, the City is entitled to a bifurcated trial pursuant to Section 510.263, RSMo.

WHEREFORE, Defendant City of O'Fallon, Missouri respectfully requests this Court to dismiss Plaintiff's Complaint, in its entirety and with prejudice, together with an award to the City for its costs and attorneys' fees incurred herewith, and all other remedies, either at law or in equity, that this Court concludes is appropriate.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Stacie A. Owens
Thomas E. Berry, Jr., #2626
Stacie A. Owens, #513706
One City Centre, 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
E-mail: tberry@sandbergphoenix.com
sowens@sandbergphoenix.com

Attorneys for Defendant
*City of O'Fallon, Missouri*

### Certificate of Service

I hereby certify that on the 26th day of March, 2010, the foregoing was filed electronically with the Clerk of the Court and sent by United States mail, postage prepaid, to the following counsel of record:

Ms. Debbie S. Champion
Ms. Melanie H. Supranowich
Rynearson, Suess, Schnurbusch & Champion
1 S. Memorial Drive
Suite 1800
St. Louis, MO 63102

/s/ Stacie A. Owens