IN THE 11th JUDICIAL CIRCUIT COURT
COUNTY OF ST. CHARLES
STATE OF MISSOURI

| | |
|---|---|
| DAVID BUEHRLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No: 0811-CV08524 |
| vs. ) | |
| ) | Division No: 02 |
| CITY OF O'FALLON, MISSOURI, ) | |
| A Municipal Corporation, ) | |
| **SERVE:  Person In Charge** ) | |
| **100 North Main Street** ) | |
| **O'Fallon, MO 63366** ) | |
| ) | |
| Defendant. ) | |

FILED
MAR 0 5 2010
JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

## FIRST AMENDED PETITION

COMES NOW Defendant, by and through the undersigned counsel, and for his First Amended Petition against Defendant, states as follows:

### COUNT I

(Retaliatory Discharge)

1. Plaintiff David Buehrle has a residence in St. Charles County at all times relevant to his action.

2. Defendant City of O'Fallon is a political subdivision of the State of Missouri located in St. Charles County, Missouri. The City of O'Fallon is classified as a third class city at all times relevant to this action.

3. Defendant City of O'Fallon has at all times herein taken its actions against Plaintiff through agents and employees acting within the scope and course of their employment and under color of law.

4. Plaintiff is and was at all times herein mentioned employed by the City of O'Fallon as a police officer.

5. In July 2007, Plaintiff injured his leg, foot and Achilles tendon while he was in the normal course of his employment as a police officer with the City of O'Fallon.

6. Immediately thereafter, pursuant to Missouri Workers' Compensation laws, Plaintiff informed Defendant that he had sustained an injury while working.

7. Subsequently, Plaintiff injured his right elbow resulting in additional treatment and surgery.

8. Plaintiff informed Defendant about each of these work-related injuries.

9. Upon information and belief, Defendant filed a Report of Injury with the Division of Workers Compensation.

10. Defendant paid the costs of Plaintiff's medical treatment regarding the injury that Plaintiff sustained by working.

11. Thereafter, Plaintiff's medical condition deteriorated and Plaintiff filed a worker's compensation claim.

12. As a result of his work related injuries, his claim for compensation, and the existence of his worker's compensation claim, Defendant City of O'Fallon, by and through its agents and employees, discriminated against Plaintiff for exercising his rights under Chapter 287 of the Missouri Revised Statutes.

13. Subsequent to Plaintiff's injuries, Plaintiff's employers discriminated against Plaintiff in the following manners:

    a. Refusing and/or terminating Plaintiff's light duty work in violation of its own ordinances, rules, regulations, policies and procedures against Plaintiff and

exercising those actions in favor of employees who had not been injured on the job, and/or filed a worker's compensation claim pending under Chapter 287;

 b. Failing to promote Plaintiff to Sergeant when he was the most qualified and highly ranked applicant;

 c. Failing to promote Plaintiff to Detective when he was the most qualified and highly ranked applicant; and

 d. Taking negative action on his personnel action form requesting limited duty due to his surgery in a discriminatory manner,

 e. Failing to follow internal procedures in investigating a complaint against Plaintiff, and

 f. Reassigned to a less desired shift after returning to work when released by doctors.

14. Defendant did not so discriminate against other employees who had not suffered worker's compensation injuries, or who had not filed worker's compensation claims.

15. Defendant's discrimination against Plaintiff as more fully set forth above resulted in a violation of Section 287.780 of the Missouri Revised Statues.

16. Plaintiff experienced this discrimination and a direct and proximate result of Plaintiff exercising his rights under the Missouri Workers' Compensation Act, which included in his filing of a worker's compensation claim, the requirement of his employer to file a Notice of Injury, and his submission for medical payments by the employer under the Missouri Workers' Compensation Act.

17. As a direct and proximate result of the actions and acts pled herein, Plaintiff suffered emotional distress, anguish, humiliation and embarrassment, and has returned to work earlier than he should have returned and additional medical risk to his leg and elbow.

18. As a direct and proximate result of the actions and acts pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant City of O'Fallon.

19. As a direct and proximate result of the actions and acts pled herein, Plaintiff has lost income which he would have continued receiving had the discrimination not occurred.

20. Plaintiff will suffer the same and similar damages and results and losses described above in the future.

21. The actions of Defendant City of O'Fallon were in careless disregard of Plaintiff's rights so as to require the entry of punitive damages against this Defendant.

**WHEREFORE**, plaintiff prays this Court enter judgment on behalf of Plaintiff in an amount which is fair and reasonable to compensate Plaintiff for the injuries and damages resulting to him as a result of Defendant's discrimination, and in an amount to reimbursement him for his medical bills and losses resulting from the actions of this defendant, as well as an amount as and for punitive damages to punish defendant for their actions.

## **COUNT II**

(Retaliation)

COMES NOW, Plaintiff, by and through counsel, and for Count II (Retaliation) of his First Amended Petition states as follows:

1. Plaintiff realleges and incorporates by reference as is fully set forth herein the allegations contained in paragraphs 1 through 4 in Count I.

2. During his employment with Defendant, Plaintiff made a presentation to the Board of Alderman of the City of O'Fallon regarding corruption, mismanagement, and illegal activities occurring within the City of O'Fallon.

3. Subsequent to Plaintiff's actions, Plaintiff's employer acted against Plaintiff in the following manner:

    a. Failing to promote Plaintiff to sergeant when he was the most qualified and highly ranked applicant;

    b. Failing to promote Plaintiff to detective when he was the most qualified and highly ranked applicant;

    c. Failing to follow internal procedures in investigating a complaint against Plaintiff.

    d. Taking negative action by filing unfounded and substantiated investigations against Plaintiff.

    e. Refusing/and or terminating Plaintiff light duty work in violation of its own ordinances, rules, regulations, policies and procedures against Plaintiff and exercising those actions in favor of employees who have not been injured on the job, and/or filed a workers' compensation claim pending under Chapter 287.

4. The retaliation of Defendant was a substantial or motivating factor in Defendant's actions against Plaintiff.

5. Defendant's retaliation against Plaintiff, as more fully set forth above, resulted in the violation of Plaintiff's First Amendment Right to Free Speech under the United States Constitution and the Missouri Constitution.

6. As a direct and proximate result of the actions pled herein, Plaintiff has suffered damages, emotional damages, anguish, humiliation and embarrassment and has financial losses.

7. As a direct and proximate result of the actions pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant.

8. As a direct and proximate result of the actions pled herein, Plaintiff has lost income which he would have received had the retaliation not occurred.

9. Plaintiff will suffer the same and similar damages and results and losses described above in the future. The actions of Defendant, City of O'Fallon, were in careless disregard of Plaintiff's rights so as to require the injury of punitive damages against this Defendant. Such actions of Defendants are continuing against Plaintiff by this Defendant.

## COUNT III

(Missouri Human Rights Act)

COMES NOW, Plaintiff, by and through counsel, and for Count III (Missouri Human Rights Act) of his First Amended Petition states as follows:

1. Plaintiff realleges and incorporates by reference as is fully set forth herein in the allegations contained in paragraphs 1 through 4 in Count I.

2. Plaintiff is presently 46 years of age with a date of birth of June 2, 1963.

   a. Plaintiff possesses a Masters Degree.

   b. Plaintiff has over 20 years of experience as a police officer.

   c. Plaintiff received the Distinguished Service Award from the U. S. Attorney's office which has never been accomplished by an officer from that department.

   d. Plaintiff has worked as a field training officer, training five new police officers for the department.

3. During his employment with Defendant, Plaintiff participated in the promotional process for the rank of sergeant.

4. After performing the requirements to be promoted to sergeant including testing, interviewing and making a formal presentation, plaintiff finished number one on the promotion list.

5. Despite being the most qualified and highly ranked applicant, Defendant passed over Plaintiff and instead promoted the fourth person on the promotional list, even though his supervisors had also requested that Plaintiff be promoted.

6. The individual promoted to the rank of sergeant was in his thirties.

7. Defendant discriminated against Plaintiff when they failed to promote Plaintiff who was the most highly qualified applicant for a younger officer.

8. Prior to this incident in January of 2008, there had never been a person promoted to a rank other than the person who finished first in testing and ranking.

9. On June 11, 2009, Plaintiff again was passed over for a promotion to sergeant for a younger officer despite still being the most highly qualified applicant and ranked number one on the promotional list.

10. Defendant has a history of discriminating against older employees by either forcing them to retire, reducing them in rank, or terminating them.

11. Defendant's failure to promote Plaintiff because of his age has violated a right to be free from discrimination as well as the Missouri Human Rights Act. Defendant has a history of promotion and rewarding younger officers who do not fall within the protected age class while refusing to reward or promote officers who do fall within such protected classes.

12. As a direct and proximate result of the actions pled herein, Plaintiff has suffered damages, emotional damages, anguish, humiliation and embarrassment and has financial losses.

13. As a direct and proximate result of the actions pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant.

14. As a direct and proximate result of the actions pled herein, Plaintiff has lost income, potential future promotions, as well as retirement benefits, which he would have received had the discrimination not occurred.

15. Pursuant to Missouri State law, venue is appropriate in the district court in which the discriminatory incidents occurred.

**WHEREFORE**, Plaintiff prays the Court to enter an Judgment on behalf of Plaintiff in an amount which is fair and reasonable to compensation Plaintiff for the

injuries and damages resulted to him as a result of the Defendant's discrimination action and in an amount to reimburse him for damages and losses resulting from the actions of this Defendant, as well as an amount as in for punitive damages to punish Defendant for their actions, and for Plaintiff's attorney's fees, and for such other and further relief this Court deems just and proper under the circumstances.

### COUNT IV

(AGE DISCRIMINATION IN EMPLOYMENT ACT)

COMES NOW, Plaintiff, by and through counsel, and for Count III (Age Discrimination in Employment Act) of his First Amended Petition states as follows:

1. Plaintiff realleges and incorporates by reference as is fully set forth herein in the allegations contained in paragraphs 1 through 4 in Count I.

2. Plaintiff realleges and incorporates by reference as is fully set forth herein in the allegations contained in paragraphs 2 through 9 in Count III.

3. Defendant's willful failure to promote Plaintiff because of his age has violated a right to be free from discrimination as well as the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (hereinafter ADEA).

4. As a direct and proximate result of the actions pled herein, Plaintiff has suffered substantial damages, and has financial losses.

5. As a direct and proximate result of the actions pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant.

6. As a direct and proximate result of the actions pled herein, Plaintiff has lost income, potential future promotions, as well as retirement benefits, which he would have received had the discrimination not occurred.

7. Pursuant to Missouri State law, venue is appropriate in the district court in which the discriminatory incidents occurred.

**WHEREFORE**, Plaintiff prays the Court to enter an Judgment on behalf of Plaintiff in an amount which is fair and reasonable to compensation Plaintiff for the injuries and damages resulted to him as a result of the Defendant's discrimination action and in an amount to reimburse him for damages and losses resulting from the actions of this Defendant, as well as an amount of liquidated damages against Defendant for their actions which constitute a willful violation of the ADEA, and for Plaintiff's attorney's fees, and for such other and further relief this Court deems just and proper under the circumstances.

RYNEARSON, SUESS,
SCHNURBUSCH & CHAMPION, L.L.C.

BY: _/s/ Melanie Supranowich_
Debbie S. Champion, #38637
Melanie H. Supranowich, #53025
Attorneys for Plaintiff
One So. Memorial Drive, Suite 1800
St. Louis, MO 63102
(314) 421-4430 / FAX: (314) 421-4431
email: dchampion@rssclaw.com
email: msupranowich@rssclaw.com