UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BUEHRLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:10-CV-509 (CEJ) |
| ) | |
| CITY OF O'FALLON, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant City of O'Fallon, Missouri to dismiss some of the factual allegations set forth in Counts III and IV of plaintiff's first amended complaint. Plaintiff filed a response, and the issues are fully briefed.

### I.  Background

On June 18, 2009, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission against the defendant, his employer, alleging, *inter alia*,:

> <u>On Thursday, June 11th [sic], 2009[,] I was informed that I had been passed over on the most recent promotion to Sergeant</u>. The transfer indicates that Officer Kevin Barron who is 34 [years old] will be promoted to Sergeant and assigned to the Late Watch effective June 20th [sic], 2009. The basis of my complaint is as follows:
>
> In December of 2008, I participated in a promotion process conducted by an independent board consisting of rank and file officers from throughout the State of Missouri. I took a written exam[,] completed a work file, gave a presentation and was interviewed by this board. At the conclusion of all the tests and interview, I was selected as the #1 candidate for promotion. <u>I was passed over for promotion in January 2008 and the position was given to the #2 candidate, Officer Steven Landsness who at the time was 39 years old</u>.

(Doc. #3-1, at 1) (emphasis added).

Plaintiff filed suit in the 11th Judicial Circuit Court for the County of St. Charles, Missouri. In Count I of his first amended petition, plaintiff alleged that the defendant retaliated against him for pursuing a worker's compensation claim arising from plaintiff's July 2007 work-related injury. In Count II, plaintiff alleged that the defendant retaliated against him after he "made a presentation to the Board of Alderman of the City of O'Fallon regarding corruption, mismanagement, and illegal activities occurring with the City of O'Fallon." (Doc. #3-2, at 5, para. 3). In Count III, plaintiff alleged that the defendant violated the Missouri Human Rights Act ("MHRA"), MO.REV.STAT. § 213.055, by discriminating against him based on his age by failing to promote him to the position of sergeant. In Count IV, plaintiff alleged that the defendant also discriminated against him based on his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633. The state court action was removed to this Court on March 26, 2010.

II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may

proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### III. Discussion

Under Missouri law, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice [must] file with the commission a verified complaint in writing, within one hundred eight days of the alleged act of discrimination[.]" Mo.Rev.Stat. § 213.075.1. Likewise, the ADEA requires a plaintiff to file a charge of discrimination with the EEOC "within 300 days after the alleged unlawful practice occurred[.]" 29 U.S.C. § 626(d)(1)(B).

In the instant case, plaintiff filed his charge of discrimination on June 19, 2009, alleging that the defendant failed to promote him in January 2008 and on June 11, 2009. The defendant moves for dismissal of Counts III and IV "to the extent they seek relief for any adverse employment action other than the June 2009 denial of promotion to the position of Sergeant[.]" (Doc. #3, at 3-4). Plaintiff agrees that he "cannot recover damages for defendant's actions which fall outside the time limitations [.]" (Doc. #8, at 2, para. 4). Thus, there is no dispute between the parties as to the claims for which the plaintiff may seek relief.

Any objections the defendant may have to the admissibility of evidence relating to matters that occurred outside the limitations period are not properly raised in a motion to dismiss or in a motion to strike, and will not be addressed by the Court at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #3] is denied as moot.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2010.