UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BUEHRLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00509 AGF |
| | ) |
| CITY OF O'FALLON, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on a Motion for Protective Order (Doc. 34) brought by Defendant City of O'Fallon, Missouri. Defendant requests that the Court strike Plaintiff David Buehrle's Notice of Deposition of Corporate Representative, which was served on Defendant on November 23, 2010. Defendant alleges that (1) the information sought by the Notice of Deposition can be, and has been obtained by Plaintiff, by less expensive and less burdensome means; (2) Plaintiff had ample opportunity to obtain the information sought by the Notice of Deposition from Defendant's witnesses that Plaintiff deposed in October and November 2010, and there are no other supervisory or managerial employees who have knowledge of the topics set forth in the deposition notice; and (3) Plaintiff seeks testimony about subjects which are collateral issues and not relevant to, nor likely to lead to the discovery of information relevant to, Plaintiff's claims in this lawsuit.

For the reasons set forth below, the Court will grant Defendant's Motion for Protective Order in part, and deny it in part.

## I. BACKGROUND

Plaintiff, a police officer employed with the City of O'Fallon, Missouri since 1988, filed his First Amended Petition against Defendant, his employer, in the Eleventh Judicial Circuit, State of Missouri. Plaintiff claims that Defendant (1) retaliated against Plaintiff for filing a worker's compensation claim; (2) retaliated against Plaintiff for exercising his right to free speech under the First Amendment of the U.S. Constitution when he made a presentation to the Board of Alderman of the City of O'Fallon regarding corruption, mismanagement, and illegal activities occurring within the City of O'Fallon; and (3) discriminated against Plaintiff on the basis of his age in violation of both the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. On March 26, 2010, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(c).

In 2009, Plaintiff deposed former City Administrator, Robert Lowery, Jr. In October and November 2010, Plaintiff deposed four different City of O'Fallon police department employees: Lieutenant John Neske, Patrolman Tom Harris, Major Kyle Kelley, and Captain David Balcom. Plaintiff also deposed former Chief of Police, Jerry Schulte, and former Major and Interim Chief of Police, William Siebert. Defendant has also produced documents in this case, including the initial and revised light duty policy, the ordinances which outline the powers and duties of the City Administrator, all documents in Defendant's possession pertaining to the members of the police department who were on light duty, and all documents in Defendant's possession pertaining to Plaintiff's workers' compensation claim.

On November 23, 2010, Plaintiff served Defendant via U.S. mail with a Notice of Deposition of Corporate Representative, setting the deposition for December 9, 2010, and providing a list of several topics the deposition would cover. Having attempted to resolve the issue with Plaintiff, Defendant brought the present motion on December 22, 2010 seeking to have the Court strike the deposition notice in its entirety.

## II. LEGAL STANDARD FOR PROTECTIVE ORDER

"Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." Credit Lyonnais v. SGC Int'l, Inc ., 160 F.3d 428, 431 (8th Cir. 1998) (citation omitted). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause. See Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as

distinguished from stereotype and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); Miscellaneous Docket Matter, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. See Frideres v. Schiltz, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c); Crawford-El v. Britton, 523 U.S. 574, 599 (1998). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (citing United States v. Kordel, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 362 (8th Cir. 2003). The balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue. See U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

### III.    DISCUSSION

    A.    Plaintiff has not had the opportunity to discover Defendant's positions on the topics provided in Defendant's 30(b)(6) Notice of Deposition and Defendant will not be unduly burdened in producing a corporate representative.

The Court disagrees with Defendant's assertion that this line of inquiry is unduly burdensome because the information is available elsewhere. A Rule 30(b)(6) deposition serves a unique function-it is the "sworn corporate admission that is binding on the corporation." See In re Vitamins Antitrust Litigation, 216 F.R.D. 168, 174 (D. D.C. 2003); see also Sprint Communications Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 527 (D. Kan. 2006) ("In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's position on the topic. The designee testifies on behalf of the corporation and thus holds it accountable.") (internal quotation marks and citations omitted). "The corporation as a fictional entity can never know that a fact is true except to the extent its employee or agent does. Therefore, knowledge of [corporate] employees is 'imputed to the corporation itself.'" In re Vitamins Antitrust Litigation, 216 F.R.D. at 173 (quoting General Dynamics Corp., 481 F.2d at 1210, with additional citations omitted).

Discovery by means of a Rule 30(b)(6) deposition differs from discovery obtained through other means, e.g. interrogatories and requests for production. See id. at 174 (noting the differences between discovery obtained by document submissions and discovery obtained by a Rule 30(b)(6) deposition). A Rule 30(b)(6) deposition allows the requesting party to obtain "'more complete information and is, therefore favored.'" Great American Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 539 (D. Nev. 2008) (quoting Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)). "[I]n responding to a Rule 30(b)(6) notice or subpoena, a corporation may not

take the position that its documents state the company's position." Id. (additional citation omitted); see also Marker, 125 F.R.D. at 126 (rejecting defendant's argument that the information sought by a Rule 30(b)(6) deposition had already been produced in its written answers to interrogatories). "Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." Great American Ins. Co. of New York, 251 F.R.D. at 541; see also National Life Ins. Co. v. Hartford Accident and Indemnity Co., 615 F.2d 595, 600 n. 5 (3d Cir. 1980) ("[T]here are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses.").

Defendant has objected to almost every subject of examination identified in Plaintiff's Rule 30(b)(6) notice on the ground that such information is duplicative and unduly burdensome as it has already been produced in other forms, or been addressed in earlier depositions. If the Court were to adopt Defendant's position, then few Rule 30(b)(6) depositions would ever take place. See Murphy v. Kmart Corp., 255 F.R.D. 497, 506-07 (D. S.D. 2009). The Court recognizes that the burden on Defendant to prepare a knowledgeable Rule 30(b)(6) deponent "may be . . . onerous," but the court "is not aware of any less onerous means of assuring that the position of a corporation . . . can be fully and fairly explored." See Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 639 (D. Minn. 2000). Simply put, "[i]t is not up to [Defendant] to determine what discovery [Plaintiff] needs." See In re Vitamins Antitrust Litigation, 216 F.R.D. at 174.

> B. The topics in Plaintiff's 30(b)(6) Notice of Deposition are reasonably calculated to lead to the discovery of admissible evidence.

Defendant contends that Plaintiff's 30(b)(6) notice seeks information regarding several topics which are not relevant to Plaintiff's claims or any defenses raised by Defendant, nor are they likely to lead to the discovery of admissible evidence. Specifically, Defendant objects to the information sought by Topics 5, 8 and 9 contained within Plaintiff's 30(b)(6) notice.

### 1. Topic 5 is relevant to Plaintiff's claims.

> 5) Identify and testify regarding each and every time any employee in the ten years prior to January 10, 2008, was denied or not granted their request to work light duty and, for each time, be prepared to identify and testify as to the employee who was denied or not granted light duty, the reason they were denied or not granted light duty, the number of other people who were on light duty at the time any employee was denied or not granted light duty, and the reasons (off duty injury, on-duty injury, pregnancy) that those other people were on light duty at that time[.]

Defendant argues that the information sought in Topic 5 is not relevant to Plaintiff's claims as to why he was denied light duty because the information pre-dates the policy that was in effect when Plaintiff was allegedly denied light duty. Moreover, Defendant notes that any decisions to deny or not grant light duty prior to Plaintiff being denied light duty were made by different decision-makers who were not involved in the decision to allegedly deny Plaintiff light duty in 2008. Lastly, Defendant argues that it has no supervisory employees who have a recollection of each and every time an employee was denied light duty since 1998.

Plaintiff responds that this information is indeed relevant because Plaintiff contends that the enactment of Defendant's policy limiting light duty in January 2008, when Plaintiff made his workers' compensation claim, was out of the ordinary and

7

contrary to Defendant's long established practice of not denying anyone light duty. As the Supreme Court held in <u>Oppenheimer Fund, Inc.</u>, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matters that could bear on" the claims or defenses of any party. 437 U.S. at 351. The Court finds that the information sought in Topic 5 could bear on Plaintiff's claim that he was retaliated against for making his workers' compensation claim, and is therefore relevant to Plaintiff's claims.

> 1. *Topic 8 is relevant to Plaintiff's claims.*

8) The role of the City Administrator in the development and implementation of policies, procedures, and practices within the police department regarding light duty, promotion, transfer/assignment, internal affairs investigations, and discipline[.]

Defendant argues that the information sought by Topic 8 has already been provided by the testimony of several current and former City employees, and the ordinances which outline the powers and duties of the City Administrator have been produced to Plaintiff. Defendant further argues that the only relevant City Administrator is Bob Lowery, the City Administrator in office when Plaintiff's claims arose, and the only relevant information is how Mr. Lowery undertook his responsibilities. Therefore, Defendant contends that information regarding City Administrators before and after Mr. Lowery are not relevant, and would make for inappropriate comparisons.

Plaintiff responds that the information sought by Topic 8 is relevant because Mr. Lowery's tenure with the City has been described as "so unique" by Defendant's employees in their earlier depositions. Plaintiff therefore seeks to learn about other City

Administrators' roles before and after Mr. Lowery in order to understand the significance of Mr. Lowery's actions. The Court finds that the information sought in Topic 8 could bear on, or reasonably could lead to other matters that could bear on, Plaintiff's retaliation and discrimination claims. The information is therefore relevant to Plaintiff's claims. Oppenheimer Fund, Inc., 437 U.S. at 351.

        *1.    Topic 9 is not relevant to Plaintiff's claims.*

9) The reasons and circumstances surrounding Steve Talbot and Mark Henke's departure from employment with the O'Fallon Police Department in 2005.

Defendant argues that the information sought by Topic 9 is not relevant to any allegations in Plaintiff's lawsuit, and is meant to harass and embarrass former Chief of Police Talbot and former Major Henke by "dredging up old allegations that were never substantiated . . . and past political upheaval that the City has put behind it." Plaintiff responds that the information is relevant because Plaintiff contends that the departures of Talbot and Henke were connected with a corruption investigation that Plaintiff worked on while serving at City Hall, and because it was Mr. Henke who filed the Internal Affairs complaint following that corruption investigation that led to the Internal Affairs investigation of Plaintiff, relied upon by Defendant as its legitimate non-discriminatory reason for not promoting Plaintiff. Plaintiff therefore argues that inquiry into the events underlying Defendant's rationale is both relevant and essential. However, Defendant points out that Mr. Henke was no longer employed by the City when he filed the complaint with Internal Affairs, and therefore only the Internal Affairs investigation is

9

relevant, not the reasons for the departures of Talbot and Henke from the City over two years prior to the investigation.

At this time, the Court finds that the Plaintiff has failed to demonstrate that the information sought by Topic 9 could bear on, or reasonably could lead to other matters that could bear on, Plaintiff's retaliation and discrimination claims. However, due to the ongoing nature of discovery in this case, the Court will strike Topic 9 without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order (Doc. 34) is **GRANTED in part, and DENIED in part.**

**IT IS FURTHER ORDERED** that Topic 9 of Plaintiff's 30(b)(6) Notice of Deposition of Corporate Representative shall be stricken.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2011.