UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BUEHRLE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:10CV00509AGF |
| CITY OF O'FALLON, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff David Buehrle's action for wrongful termination and violation of his rights under the First Amendment came before the Court on a motion for summary judgment. In accordance with the Memorandum and Order issued on July 12, 2011, the Court entered judgment on all claims in favor of Defendant, the City of O'Fallon, and against Plaintiff. Defendant has submitted a bill of costs with supporting documentation (Doc. No. 87) in the amount of $8,507.67, which includes: $5,880.72 for deposition expenses, $350.00 in court costs, $1,462.00 charged by Plaintiff's expert for attendance at deposition, and $814.45 for copying expenses. Plaintiff has filed a response (Doc. No. 89) generally objecting to the award of any costs and specifically objecting to each of the requested costs. For the reasons set forth below, the Court will award Defendant the full amounts requested in its bill of costs.

## DISCUSSION

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure "costs – other than attorney's fees – should be allowed to the prevailing party." The term "costs" as used in Rule 54(d)(1) is defined in 28 U.S.C. § 1920,[1] which enumerates the expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Not all litigation expenses are costs taxable against the losing party, however, and within the statutory framework, the Court has discretion to determine and award costs as appropriate in a given case. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011); *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009) (noting that district courts have broad discretion over the award of costs to a prevailing party).

The party seeking to recover costs must fully document the amount of compensable costs and expenses to which it is entitled. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). Although the taxation of costs under Rule 54(d) is permissive, the Eighth Circuit has long held that there is a strong presumption that the prevailing party is entitled to an award of costs. *See Thompson v. Wal-Mart Stores, Inc.*,

---

[1] A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

472 F.3d 515, 517 (8th Cir. 2006). Where, as here, the losing party raises a general objection to an award of costs as inequitable, he bears the burden of demonstrating such inequity. *Finan v. Good Earth Tools, Inc.*, No. 4:06CV878 CAS, 2008 WL 1805639, at *9 (E.D. Mo. Apr. 21, 2008) (citing *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002)).

**Plaintiff's General Objections to an Award of Costs**

Plaintiff first argues that no costs should be taxed against him because he litigated close and difficult issues in good faith. In addition, Plaintiff asserts that as a result of the significant disparity between his financial resources and those of the Defendant, an award of costs would result in substantial hardship to him and have a chilling effect on similar civil rights litigation.

In support of this position, he cites *Greaser v. Missouri Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998), in which the Eighth Circuit declined to award costs to the prevailing party in a civil rights action, noting the closeness of the issues litigated, the possible chilling effect on civil rights litigation, and the financial disparity between the parties. *Greaser* is distinguishable from the present case because the issues there were sufficiently close so as to require a jury determination, and the party seeking to avoid the taxing of costs filed a concurrent request to proceed *in forma pauperis*. Here, the relatively straightforward legal issues were resolved on a motion for summary judgment, and although there is a financial disparity between Plaintiff[2] and Defendant, the record

---

[2] It is undisputed that Plaintiff earns $64,327 per year. Defendant has offered an affidavit (Doc. No. 96-1) indicating that Plaintiff's wife is employed by Defendant and

3

does not indicate that Plaintiff will incur substantial hardship if required to pay the costs of this litigation, or that the magnitude of the costs at issue is sufficient to have a chilling effect on future litigation.

**Federal Filing Fees Incidental to Removal**

Plaintiff filed this case in the Circuit Court of St. Charles County, Missouri, and Defendants removed it to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441.  Upon removal, Defendants incurred a statutory filing fee of $350.00.  Plaintiff objects to the inclusion of this fee as a cost, asserting that court costs associated with removal are not recoverable.

"A filing fee is a 'fee of the clerk' typically allowed as part of costs under Section 1920."  *Card v. State Farm Fire and Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989)  Filing fees are allowed as costs whether they are fees paid when the action is initially filed or when the action is removed.  *Id.* (citations omitted); *Wheeler v. Carlton*, No. 3:06CV00068, 2007 WL 1020481, at *3 (E.D. Ark. Apr. 2, 2007) (awarding as a cost the federal filing fee paid incident to removal).  The authority cited by Plaintiff in support of its position, *Pershern v. Fiatallis N. Am., Inc.,* 834 F.2d 136, 140 (8th Cir. 1987), is inapposite because that case involved a removal bond premium, which the court properly refused to tax as a cost under 28 U.S.C. § 1920, rather than a filing fee.  Therefore the Court finds that the federal filing fee paid upon removal to this Court is a taxable cost.

---

earns $61,568 per year.  Plaintiff's family income therefore exceeds $125,000 and the costs requested by Defendant amount to 6% of Plaintiff's annual family income.

4

**Deposition Costs**

Section 1920(2) provides that the Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" Transcription fees and other costs related to deposition may be awarded if the deposition was "necessarily obtained for use in a case and was not purely investigative," and even if the deposition was not used at trial. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (citation omitted). The losing party bears the burden of making specific objections that demonstrate that a particular deposition was unnecessarily taken. *Hollenbeck v. Falstaff Brewing Corp.*, 605 F. Supp. 421, 439 (E.D. Mo. 1984); *Meder v. Everest & Jennings*, *Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1982).

Plaintiff objects to the taxing of costs for deposition transcripts on the ground that the depositions taken by Defendants were excessively long. In the course of this litigation, Defendant deposed only two witnesses, Plaintiff and Plaintiff's expert. Plaintiff deposed nine additional witnesses. Although the two depositions Defendant took were longer than those taken by Plaintiff, they were not unreasonably lengthy, given their significance to the case, and the Court finds no basis for denying the transcription costs for these depositions.

Plaintiff objects to the taxing of costs for expedited deposition transcripts and electronic copies. These objections are without merit. The record reflects that Plaintiff, not Defendant, requested the expedited transcripts and that those fees were paid by Defendant. In addition, fees for electronic copies are explicitly referenced as covered fees pursuant to 28 U.S.C. § 1920(2), and both parties requested electronic copies.

5

Accordingly, the Court will allow Defendant to recover the costs of expedited transcripts and electronic copies.

Plaintiff also asks that the costs awarded for transcription fees be reduced because the transcription fees paid by Plaintiff were less than those paid by Defendant. Plaintiff apparently has confused the charges for transcription with those for copying. The record indicates that Plaintiff paid a transcription fee of $3.90 per page and Defendant paid $3.75 per page. Inasmuch as Plaintiff paid a higher transcription fee than Defendant, this objection to Defendant's bill of costs also is without merit.

**Expert Witness Fees**

Defendant requests that Plaintiff be taxed for the witness fees associated with Defendant's deposition of Plaintiff's expert witness. Plaintiff objects to these costs and contends that pursuant to *Crawford*, 482 U.S. at 445, expert witness fees in excess of the $40 per diem set forth in 28 U.S.C.§ 1821 are not taxable costs.

Plaintiff correctly asserts that "absent explicit statutory or contractual authorization" federal courts are bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920 for the taxation of the expenses of a litigant's witness as costs. *Crawford*, 482 U.S. at 445. However, pursuant to Fed. R. Civ. Pro. 26(b)(4)(E), a party is required to pay the reasonable fees for time spent by an expert witness in responding to the party's discovery requests. Rule 26(b)(4)(E) thus provides the explicit authorization necessary under *Crawford* for the taxation as costs of the witness fees associated with Defendant's deposition of Plaintiff's expert witness. *Firefighters' Inst. for Racial Equal. ex Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (referencing Rule 26(b)(4)(c)(I),

6

which was renumbered as Rule 26(b)(4)(E) in the 2010 Amendments to the Fed. R. Civ. P.); *Granjas Aquanova S.A. de C.V. v. House Mfg. Co. Inc.,* No. 3:07CV00168 BSM, 2010 WL 4809342, at *4 (E.D. Ark. Nov.19, 2010) (awarding expert witness fees as costs pursuant to Rule 26(b)(4)(E)).

**Exemplification and Copying Fees**

Defendant seeks to recover the costs associated with obtaining a copy of a deposition of Plaintiff taken in the separate, but related, case of *Genasci v. City of O'Fallon*, No.4:06CV542 CDP, 2008 WL 3200812 (E.D. Mo. Aug. 6, 2008). Plaintiff objects on the ground that the deposition testimony and hence, the copy, was not "necessarily obtained for use" in this case.

The Court does not agree. In *Genasci,* an employee of the City of O'Fallon also sued for wrongful termination and violation of his rights under the First Amendment. Plaintiff was deposed in *Genasci* with respect to certain matters he alleged in the present case. Thus Defendant's contention that obtaining a copy of the deposition was not purely investigatory but was used to impeach or corroborate Plaintiff's assertions in this case. For this reason, Defendant's request for $814.45 in copying fees will be allowed in entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the amounts requested in Defendants' motion for a bill of costs (Doc. No. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax the following costs against Plaintiff and in favor of Defendant in this cause:

| | |
|---|---|
| Fees of the Clerk: | $   350.00 |
| Deposition Expenses: | $ 5,880.72 |
| Witness Fees: | $ 1,462.50 |
| Copying Fees: | $   814.45 |
| **TOTAL:** | **$ 8,507.67** |

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2012.